UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| K-V PHARMACEUTICAL COMPANY, and THER-RX CORPORATION, | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 1:12-CV-2491-CAP |
| DAVID A. COOK, in his official capacity as commissioner of the Georgia Department of Community Health, and JERRY DUBBERLY, M.D., in his official capacity as Division Chief of the Medicaid Division of the Georgia Department of Community Health, | |
| Defendants. | |

**O R D E R**

This action is before the court on the defendants' motion for certification for interlocutory appeal [Doc. No. 46] and motion for reconsideration [Doc. No. 47].

## I.   Factual and Procedural History

The plaintiffs are the owners of Makena®, the only drug approved by the Food and Drug Administration ("FDA") to reduce the risk of preterm birth in women who are pregnant with a single baby and have had a prior preterm birth.  Makena® was added as a "covered" drug by the Georgia Department of Community Health ("DCH") in February 2011.  Makena® is considered a "covered outpatient drug" under the Medicaid Act.  It is the subject of a Medicaid Drug Rebate Agreement ("MDRA") between Ther-RX and the United States Department of Health & Human Services.  DCH is required to cover and pay for "covered outpatient drugs" that are the subjects of an MDRA.  42 U.S.C. §§ 1396r-8(a)(1), (k)(2).  The parties agree that DCH is required to cover Makena® as an outpatient drug for its FDA-approved indications.

According to the defendants, DCH does cover Makena®, but the drug is subject to prior authorization.  DCH has issued a position statement regarding Makena® [Doc. No. 2-41] in which it indicates that in order to obtain coverage for Makena®, documentation of medical necessity "over CHC" is required.  CHC refers to compounded hydroxyprogesterone caproate.  Compounding is a process by which a pharmacist combines, mixes, or alters ingredients to create a medication tailored to the needs of an individual

2

patient. *Thompson v. Western States Medical Center*, 535 U.S. 357, 360–61 (2002). The Food and Drug Administration Modernization Act of 1997 ("FDAMA") exempts "compounded drugs" from the FDA's standard drug approval requirements under the Federal Food, Drug, and Cosmetic Act ("FDCA"), so long as the providers of the compounded drugs abide by several restrictions. *Id.* at 357. The compounded product at issue in this case contains the same active pharmaceutical ingredient as Makena®; however, it is not a manufactured drug for which FDA approval has been obtained. Thus, CHC is not a covered outpatient drug.

The plaintiffs sought a preliminary injunction arguing that DCH's policy of favoring the compounded product over Makena® imposes unreasonable conditions on access to Makena®. In other words, the practical effect of the policy is that a product that is not a covered outpatient drug will be substituted for a covered outpatient drug. The crux of the plaintiffs' argument was that in practical application, DCH's policy results in non-coverage for Makena®.

In response, the defendants argued that Makena® is covered and that the prior authorization requirement is lawful. The defendants offered evidence of four instances in which Makena® was prescribed and paid for by Medicaid. They contend these four instances prove that DCH is covering

Makena® as required by law.  Counsel for the defendants conceded, however, that the policy is written in favor of the use of the compounded product.

This court determined that DCH's required default to CHC instead of Makena® is, in essence, non-coverage of the FDA-approved drug.  Therefore, the court issued a preliminary injunction requiring the defendants to cover Makena® [Doc. No. 30].

The defendants moved to dismiss the complaint against them arguing that the plaintiffs (1) do not have standing to bring this action, and (2) fail to state a claim for relief [Doc. No. 25].  This court denied the motion to dismiss [Doc. No. 45].  The defendants have now moved for reconsideration [Doc. No. 47] and for certification for interlocutory appeal [Doc. No. 46].  Both of the defendants motions are based on a single issue: whether the Supremacy Clause of the United States Constitution provides a cause of action for the plaintiffs in this action.

## II.   Supremacy Clause Issue

In the motion to dismiss, the defendants contended that the plaintiffs' claims must be dismissed because the Supremacy Clause, which is relied upon by the plaintiffs, does not provide a right of action for violations of the Medicaid Act.  This court, relying on *Shaw v. Delta Air Lines, Inc.*, 463 U.S.

85, 96 n.14 (1983), held that the plaintiffs may challenge the policy pursuant to the Supremacy Clause.

The defendants have cited the court to an Eleventh Circuit opinion stating that *Shaw* "do[es] no more than indicate that the Supremacy Clause provides federal jurisdiction for a cause of action implied from the statute. . . ." *Legal Environmental Assistance Foundation, Inc., v. Pegues*, 904 F.2d 640, 642 (11th Cir. 1990). However, the basis for the decision in *Legal Environmental Assistance Foundation,* that there was no cause of action under the Supremacy Clause, was the fact that the "real dispute" was between the plaintiff and the Environmental Protection Agency, not between the plaintiff and the state. *Id.* at 644.

The Eleventh Circuit has more recently cited *Shaw* in concluding that that a plaintiff may seek injunctive relief "where the asserted right of action sounded in the Supremacy Clause." *Georgia Latino Alliance for Human Rights v. Governor of Georgia*, 691 F.3d 1250, 1261 (11th Cir. 2012). In *Georgia Latino Alliance for Human Rights*, the plaintiffs sought to enjoin state action, specifically enforcement of a state statute related to immigration, on the grounds that the state action violated the Supremacy Clause. Likewise, in the case at hand, the plaintiff seeks to enjoin state

action under a theory of preemption as contemplated by the Supremacy Clause.

Based on the foregoing, the court finds that the Supremacy Clause not only provides a basis for jurisdiction, but also supplies the plaintiffs with a cause of action to seek injunctive and declaratory relief.  Accordingly, there is no basis for reconsideration of the court's prior ruling.  Moreover, the discussion above illustrates that the defendants have failed to show there are substantial grounds for difference of opinion.  To the contrary, the Eleventh Circuit has been clear in its determination that a private plaintiff may seek injunctive relief via a claim based upon a violation of the Supremacy Clause.

### III.  Conclusion

The defendant's motion for reconsideration  [Doc. No. 47] and motion for certification for interlocutory appeal [Doc. No. 46] are DENIED.

SO ORDERED, this 7th day of February, 2013.

/s/ Charles A. Pannell, Jr.<br>
CHARLES A. PANNELL, JR.<br>
United States District Judge