UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| K-V PHARMACEUTICAL COMPANY, and THER-RX CORPORATION, | |
| Plaintiffs, | CIVIL ACTION NO. |
| v. | 1:12-CV-2491-CAP |
| DAVID A. COOK, in his official capacity as commissioner of the Georgia Department of Community Health, and JERRY DUBBERLY, M.D., in his official capacity as Division Chief of the Medicaid Division of the Georgia Department of Community Health, | |
| Defendants. | |

**O R D E R**

This action is before the court on the plaintiffs' motion for leave to file under seal submitted directly to chambers. The documents that the plaintiffs seek to file under seal are attached to the motion in Exhibits 1-5. The court heard from counsel regarding the documents and the necessity of sealing via telephone conference on May 10, 2013.

Exhibit 1 to the motion is compilation of documents that the plaintiffs contend to be its own proprietary business information not readily available to the public. After review of the documents and hearing the argument of counsel, the court finds no legitimate basis for sealing the documents in Exhibit 1. Accordingly, the documents contained in Exhibit 1 will not be forwarded to the clerk.

Exhibit 2 is a document produced by third-part Peach State Health Plan. The plaintiffs seek to rely on the document in support of its motion for summary judgment; however, Peach State objects to the document being filed on the open docket. According to counsel for Peach State, the document would allow its competitors an unfair advantage in bidding on future contracts with the state. While the court is skeptical of the need for confidentiality as to the information contained in Exhibit 2, Peach State is a third party to this civil action. Thus, the court is reluctant to force Peach State to reveal to its competitors information it claims will be economically harmful in the future bidding process. Therefore, the court will allow this document to be filed under seal at the present time. However, to the extent the information contained in the document is relied upon by the court in adjudicating the summary judgment motion, the document will be unsealed.

It is likely that by that time, the bidding process will be complete and there will be no harm to Peach State.

Exhibits 3 and 4 are similar to Exhibit 2 in that the objection to disclosure comes from a third party, Amerigroup. For the same reasons set forth above, the court will allow these two exhibits to be filed under seal at the present time. However, should the court utilize the documents in adjudicating the motion for summary judgment, Exhibits 3 and 4 will be unsealed.

Exhibit 5 is an email chain of communications between employees of the Department of Community Health and employees of third party Amerigroup. In the motion to seal, the plaintiffs characterize the email as "describing how Amerigroup drafted its prior authorization policy on Makena." M. to Seal at 4. A cursory review of the email reveals no discussion of policy creation. Moreover, counsel for Amerigroup stated during the conference call that Amerigroup had no objection to disclosure of this document. Counsel for the defendants stated that her client may object to disclosure because such action may tend to stifle communication between the Department of Community Health and its contractors. The court finds this tangential argument unpersuasive. There is simply no basis to seal the email

communication. Accordingly, the motion for leave to seal Exhibit 5 is DENIED.

The plaintiffs' motion for leave to seal is GRANTED in part and DENIED in part. The motion is GRANTED with respect to Exhibits 2, 3, and 4. The motion is DENIED with respect to Exhibits 1 and 5.

The plaintiffs are DIRECTED to retrieve all five exhibits from the chambers of the undersigned. The plaintiffs may then file the Peach State document (Ex. 2) and two of the AmeriGroup documents (Exs. 3 and 4) with the clerk under seal. The plaintiff may elect to file its own internal document (Ex. 1) and the email communications (Ex. 5) electronically and without seal.

SO ORDERED, this 13th day of May, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge