UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LUMARA HEALTH LTD., et al.<br><br>    Plaintiffs,<br><br>    v.<br><br>CLYDE L. REESE, in his official capacity as commissioner of the Georgia Department of Community Health, and JERRY DUBBERLY, M.D., in his official capacity as Division Chief of the Medicaid Division of the Georgia Department of Community Health,<br><br>    Defendants. | CIVIL ACTION NO.<br><br>1:12-CV-2491-CAP |

# **O R D E R**

This action is before the court on the defendants' motion to stay implementation of two portions of the permanent injunction [Doc. No. 107]. The defendants have also filed a motion to stay imposition of costs pending appeal [Doc. No. 115].

This court entered a judgment in favor of the plaintiffs in this action on April 9, 2014 [Doc. No. 102]. The judgment included a permanent injunction and an award of costs. The defendants filed a notice of appeal on May 1, 2014

[Doc. No. 106]. In light of the appeal, the defendants seek to stay two portions of the injunction and stay the award of costs.

## I. Motion to Stay Sections of the Injunction

This court has the discretion to stay an order pending appeal pursuant to Federal Rule of Civil Procedure 62. According to the Supreme Court, the factors regulating the issuance of a stay are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

The first portion of the injunction the defendants seek to stay is the requirement to notify healthcare providers that the change to the prior authorization policy is permanent. The second portion of the injunction that the defendants seek to stay is the requirement to ensure that the CMOs do not implement prior authorization policies in violation of the court's order.

### A. Requirement to Notify

The defendants argue that despite this court's ruling that the change to the policy must be permanent (as opposed to pursuant to a <u>temporary</u> injunction), the Court of Appeals has yet to interpret the policy and therefore,

2

the permanency of the ruling is unknown. This argument is nonsensical. The court issued a permanent injunction through a final order. While the appellate court may certainly overturn that ruling, a mere possibility of reversal does not alter the permanence of the court's ruling unless and until the Eleventh Circuit makes a contrary ruling. Taking this argument to its logical conclusion, the defendants, if unsuccessful before the Eleventh Circuit, could seek certiorari from the Supreme Court and again argue that the ruling is not yet "permanent." Moreover, the defendants have not argued that they have met the four *Hilton* factors with regard to the requirement to notify. And, it was the defendants' choice to notify healthcare providers of the temporary nature of the court's prior ruling. The need to properly inform provides stems directly from actions of the defendants. Therefore, there is no basis for a stay of the portion of the injunction requiring the defendants to notify healthcare providers that the court required a permanent change to the prior authorization policy regarding Makena®.

### B. Ensuring CMO Compliance

The defendants argue that requiring them to ensure that the CMOs do not implement prior authorization policies in violation of the court's order should be stayed pending appeal. The defendants have failed to satisfy even the first *Hilton* factor—that they are likely to succeed on appeal. In its

summary judgment order, the court held that DCH's responsibility to ensure the CMOs are complying with the Medicaid Act arises from federal regulations.  Specifically, the court relied upon C.F.R. § 438.206(a), which requires each State to "ensure that all services covered under the State plan are available and accessible to enrollees of [CMOs]."  In the motion to stay, the defendants fall back on their arguments that their contractual authority to take action against CMOs does not equate to the actual exercise of control over the CMOs' operations and policies.  The court agreed with the defendants on this argument and identified the above-cited federal regulation as the source of the defendants' obligation.  Thus, the defendants have failed to demonstrate any likelihood of success on the merits of their appeal of the court's determination related to the CMOs.  Accordingly, there is no basis for a stay of implementation of this section of the court's injunction.

## II. Motion to Stay Award of Costs

The defendants have moved to stay the imposition of costs pending appeal [Doc. No. 115].  Alternatively, the defendants have asserted objections to the costs.  The defendants offer only one argument in support of the motion to stay imposition of costs—that the plaintiffs may not be financially able to reimburse the defendants should this court's decision be overturned on appeal.

### A. Motion to Stay

In light of the court's above determination that the defendants have not shown any likelihood of success on the merits of their appeal, there is no basis for a stay of costs. Moreover, there is no evidence that, should the defendants prevail on their appeal, that the plaintiffs would be unable to reimburse them for the costs paid. The reference to the plaintiffs' prior bankruptcy proceedings is not sufficient to obtain a stay.

### B. Objections to Costs

The plaintiffs have submitted a bill of costs in the amount of $18,649.57. Of this total, the defendants have objected to $5,407.67. The plaintiffs have agreed to reduce their bill of costs by $347.45, which represents witness subsistence charges and some copying costs. Therefore, the court will address only those objections that remain.

First, the defendants argue that the plaintiffs should not recover witness fees for Peach State and Amerigroup. The defendants argue that the subpoenas issued to these two CMOs had no effect on the court's ruling. The question is whether the depositions were obtained for use in the case, which they were. *See United States EEOC v. W&O Inc.*, 213 F.3d 600, 620–21 (11th Cir. 2000). That the evidence obtained through a particular deposition was

not the evidence relied upon by the court in ruling on summary judgment is irrelevant.

Second, the defendants contend that a number of the copies taxed against them are improper.  The defendants are correct in that charges for copies of original documents possessed by the prevailing party are not taxable.  See *American Key Corp. v. Cumberland Associates*, 102 F.R.D. 496, 499 (N.D. Ga. 1984).  Therefore, the photocopying charge for the complaint and the opposition to the motion to dismiss ($807.70) will be disallowed.  However, the charges for copies associated with the preparation of the deposition of Scott Goedeke and for document production are appropriate.

Third, the defendants challenge the taxing of certain costs associated with the plaintiffs' electronic discovery costs.  While the plaintiffs indicate that they are not seeking costs for vendor support, the invoices submitted in support of the bill of costs include charges for updating search indexes, discussions about export field mapping, and identifying and assigning control numbers [Doc. No. 111-1 at 61–72].  These costs are not taxable.  *See In re Scientific-Atlanta, Inc. Sec. Litig.*, 2011 U.S. Dist. LEXIS 73688 (N.D. Ga. July 6, 2011).  Additionally, the costs for forwarding and delivery of documents are not taxable.  *Corsair Asset Management, Inc. v. Moskovitz*, 142 F.R.D. 347, 351 (N.D. Ga. 1992).  The electronic discovery invoices contain a

number of charges for forwarding of documents and coordination of delivery of documents [Doc. No. 111-1 at 61–72].  Because the court cannot discern what portions of the electronic discovery invoices are attributable to activities analogous to making copies, the entire amount of $3,366.00 will be disallowed.

### III. Conclusion

Based on the foregoing,

(1) the defendants' motion to stay part of the injunction during appeal [Doc. No. 107] is DENIED;

(2) the defendants' motion to stay imposition of costs [Doc. No. 115-1] is DENIED;

(3) the defendants' objections to the bill of costs [Doc. No. 115-2] has been considered and are SUSTAINED in part and OVERRULED in part. The clerk is DIRECTED to assess costs against the defendants in the total amount of $14,128.42.

SO ORDERED, this 15th day of July, 2014.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge